IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DAVID SEGURA,                          §
(TDCJ-CID #623052)                     §
                                       §
            Petitioner,                §
                                       §
VS.                                    §       CIVIL ACTION NO. H-13-3118
                                       §
WILLIAM STEPHENS,                      §
                                       §
            Respondent.                §

## MEMORANDUM AND OPINION

The petitioner, David Segura, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a disciplinary conviction at the McConnell Unit of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). He is currently serving a conviction imposed by a state court in Harris County, Texas.

The threshold issue is whether Segura has stated meritorious grounds for federal habeas relief. Based on careful consideration of the pleadings, the record, and the applicable law, this court denies the federal petition and, by separate order, enters final judgment. The reasons are set forth below.

## I.       Background

On July 27, 2012, prison officials at the McConnell Unit held a hearing in disciplinary case number 20120325168. The hearing officer found Segura guilty of extortion. Segura's punishment consisted of a demotion in custodial classification from G5 to administrative segregation, a loss of commissary privileges for 30 days, a loss of recreation privileges for 15 days, an order to remain at good-time earning class status of Line 3, and a loss of 30 days of good-time credits.

Segura filed a Step One Grievance, which was denied on September 12, 2012. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, pp. 5-6). He then filed a Step Two Grievance, which was denied on December 5, 2012. (*Id.* at 6).

On October 22, 2013, this court received Segura's federal petition. Segura contends that his disciplinary conviction is void because his due process rights were violated. (Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 6-7).

## II.    The Legal Standard

A district court may examine habeas petitions before an answer or other responsive pleading is filed. *Kiser v. Johnson,* 163 F.3d 326, 328 (5th Cir. 1999). Such a review is based on "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." 28 U.S.C. § 2254, Rule 4, Advisory Committee Notes.

In *Wolff v. McDonnell,* 418 U.S. 539, 563-66 (1974), the Supreme Court held that the standards governing disciplinary proceedings depended on the sanction imposed and the consequences. *Walker v. Navarro Cnty. Jail,* 4 F.3d 410, 412 (5th Cir. 1993). A prisoner punished by solitary confinement and loss of good-time credits is entitled to: (1) written notice of the charges against him at least twenty-four hours before the hearing; (2) a written statement of the fact finders as to the evidence relied on and the reasons for the disciplinary action taken; and (3) the opportunity to call witnesses and present documentary evidence in his defense, unless these procedures would create a security risk in the particular case. When the punishment has no effect on the length of the sentence, an inmate is entitled to some notice, an opportunity to present his view either in person or by written statement, and an informal nonadversarial review. *Hewitt v. Helms,* 459 U.S. 460 (1983).

In *Sandin v. Conner,* 515 U.S. 472 (1995), the Supreme Court held that while a state may, under certain circumstances, create liberty interests applicable to prisoners protected by the Due Process Clause, such interests are generally limited to state-created regulations or statutes that affect the quantity, rather than the quality, of time served by a prisoner. The Due Process Clause does not protect every change in the conditions of confinement that has a substantial adverse effect on a prisoner. *Id.* at 478. A prisoner's loss of good-time credits as a result of punishment for a disciplinary conviction, increasing the sentence beyond the time that would otherwise have resulted from state laws providing mandatory sentence reductions for good behavior, must be accompanied by certain procedural safeguards to satisfy due process. *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997).

## III.    Analysis

To the extent that Segura attempts to assert a claim of a denial of due process based on the loss of privileges and the reduction in custodial classification, his claims are barred by *Sandin.* In *Sandin,* a prisoner was placed in disciplinary segregation for thirty days, but received no discipline that inevitably affected the duration of his sentence. The Court held that such sanctions did not require the procedural protections set out in *Wolff* and *Hewitt.* The punishments that Segura claims he received are not atypical and did not pose significant hardship in relation to the ordinary incidents of prison life. *Sandin,* 515 U.S. at 484, 486 n.9. The punishment changed the conditions of Segura's confinement, but did not give rise to a due-process claim. *Madison,* 104 F.3d at 767-68.

Segura may complain that the loss of good-time credits has delayed his release on parole, creating a due process violation. Prisoners may become eligible for release under Texas law on parole or under a mandatory supervised release program. *See Madison,* 104 F.3d at 768. "Parole"

is the "discretionary and conditional release of an eligible prisoner . . . [who] may serve the remainder of his sentence under the supervision and control of the pardons and paroles division." *Id.* "Mandatory supervision" is the "release of an eligible prisoner . . . so that the prisoner may serve the remainder of his sentence not on parole, but under the supervision and control of the pardons and paroles division." *Id.* The law is clear that Segura has no constitutional right to parole. *Orellana v. Kyle,* 65 F.3d 29, 32 (5th Cir. 1995); *Creel v. Keene,* 928 F.2d 707 (5th Cir. 1991); *Madison,* 104 F.3d at 768 (citing TEX. CODE CRIM. P. ANN. art. 42.18, § 8(a)).  Because a prisoner has "no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Allison v. Kyle,* 66 F.3d 71, 73-74 (5th Cir. 1995) (citing *Orellana,* 65 F.3d at 32).  Any argument by Segura that he is entitled to be considered for release on parole at a particular time would fail.

Segura may complain of the delay in his release to mandatory supervision.  Segura lost 30 days of good-time credits.  Segura is serving a sentence for a felony under Section 19.02, Penal Code (murder). TEX. GOV'T. CODE ANN. § 508.149(A)(1)(West 2009).  Segura's sentence for murder with a deadly weapon makes him ineligible for mandatory supervision according to the statute in effect on January 31, 1989, when he committed the underlying offense. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, Sec. 3g(a)(2)(West 1989).  A prisoner may not be released to mandatory supervision if the prisoner used or exhibited a deadly weapon during the commission of a felony offense or during immediate flight.  Even though Segura lost good-time credit, he has no protected liberty interest in the loss of that accrued good time because he is ineligible for release to mandatory supervision. *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).

## IV.    Conclusion

Segura's petition for a writ of habeas corpus is denied.  This case is dismissed.  Any remaining pending motions are denied as moot.

The Supreme Court has stated that the showing necessary for a certificate of appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)).  Under that standard, an applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further.  *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000).  When a district court has rejected a prisoner's constitutional claims on the merits, the prisoner must demonstrate that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *Slack,* 529 U.S. 484.  This court denied Segura's petition after careful consideration of the merits of his constitutional claims. This court now denies a COA because Segura has not made the necessary showing for issuance.

SIGNED on November 14, 2013, at Houston, Texas.

Lee H. Rosenthal
United States District Judge